DAVID R. HUNT
CITY ATTORNEY
CITY OF NEWPORT BEACH

T. PETER PIERCE (160408)
ppierce@rwglaw.com
PATRICK K. BOBKO (208756)
pbobko@rwglaw.com
TOUSSAINT S. BAILEY (245641)
tbailey@rwglaw.com
RICHARDS, WATSON & GERSHON
 A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 626-8484
Facsimile: (213) 626-0078

Attorneys for Defendant,
CITY OF NEWPORT BEACH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWPORT COAST RECOVERY, LLC, a California limited liability company, and YELLOWSTONE WOMEN'S FIRST STEP HOUSE, INC., a California nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NEWPORT BEACH, a California municipal corporation,<br><br>Defendant. | Case No. SACV-09-0701 JVS (RNB)<br><br>**ANSWER TO SECOND AMENDED COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF**<br><br>JUDGE:   Honorable James V. Selna |

Defendant City of Newport Beach ("City") responds to the Second Amended Complaint by admitting, alleging and denying as follows:

1.     Answering paragraph 1, the City admits and alleges that the Complaint; the statutory provisions referenced in paragraph 1; the constitutional provisions referenced in paragraph 1; and the City's ordinance referenced in paragraph 1 each speak for themselves.  Except as expressly admitted and alleged herein, the City denies the allegations in paragraph 1.

11287\0018\1185084.1

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

2.    Answering paragraph 2, the City admits the allegations, and alleges that the Court's exercise of supplemental jurisdiction is discretionary.

3.    Answering paragraph 3, the City admits that venue is proper but denies that its conduct was in any way unlawful.

4.    Answering paragraph 4, the City admits and alleges that Newport Coast Recovery conducted a business at 1216 West Balboa Boulevard (the Property) in the City, and that Newport Coast Recovery is a California limited liability company.  The City is without sufficient information or belief to answer the remaining allegations and on that basis denies those allegations.

5.    Answering paragraph 5, the City admits and alleges that Yellowstone Women's First Step House, Inc. conducts businesses at 1621 Indus Street, 1571 Pegasus Street, 20172 Redlands Drive, and 1561 Indus Street.  The City is without sufficient information or belief to answer the remaining allegations and on that basis denies those allegations.

6.    Answering paragraph 6, the City admits the allegations.

7.    Answering paragraph 7, the City denies the allegations.

8.    Answering paragraph 13[1], the City denies the allegations.

9.    Answering paragraph 14, the City admits and alleges that Newport Coast Recovery operated a state-licensed residential drug and alcohol treatment program at the Property, and that the license from the California Department of Alcohol and Drug Programs is for the provision of housing and treatment for a maximum of 29 occupants.  The City also admits and alleges that the program was housed in an apartment building containing seven separate dwelling units.  The City lacks information and belief regarding the remaining allegations in paragraph 14 and on that basis denies those allegations.

10.    Answering paragraph 15, the City admits and alleges that when

---

[1] The Second Amended Complaint skips from paragraph 7 to paragraph 13.

-2-

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

11287\0018\1185084.1

1  originally constructed in 1949, the apartment building that once housed NCR was

2  situated in an R-3 zone, which was reclassified as an R-2 zone by the City in 1989.

3  Except as expressly admitted and alleged herein, the City denies the allegations.

4        11.    Answering paragraph 16, the City admits and alleges that

5  Yellowstone established four houses in residential neighborhoods in an

6  unincorporated part of Orange County between 2003 and 2008.  The City further

7  admits and alleges that the house at 1621 Indus Street was established in or about

8  2005 for up to 18 women in recovery.  The City further admits and alleges that the

9  house at 20172 Redlands Drive was established in or about 2005 for up to 17 men

10  in recovery.  The City further admits and alleges that the house at 1571 Pegasus

11  Street was established in or about 2003 for up to 18 men and women in recovery.

12  The City further admits and alleges that the house at 1561 Indus was established in

13  or about 2007 for up to 12 women in recovery.  The City further admits and

14  alleges that the house at 1571 Pegasus was chartered to operate as Oxford House

15  by Oxford House, Inc. at November 26, 2008.  The City lacks sufficient

16  information and belief to answer the remaining allegations, and on that basis

17  denies the allegations.

18        12.    Answering paragraph 17, the City admits and alleges that it is a

19  seaside community with a  population of about 80,000.  The City further admits

20  and alleges that it includes a large number of single family houses, duplexes and

21  triplexes that are used as short-term vacation rentals.  The City further admits and

22  alleges that it is a popular location for the widespread practice of groups of

23  students renting during the school year, and that the City requires those groups to

24  live as single housekeeping units.  The City further admits and alleges that as of

25  April 24, 2007, the City had issued short-term lodging permits for 801 dwelling

26  units.  The City further admits and alleges that there are 855 valid short-term

27  lodging permits that encompass a total of 6,259 beds.  The City further admits and

28  alleges that in mid-2007, there were 673 beds for persons in recovery, including

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-3-

ANSWER TO THIRD AMENDED COMPLAINT

1    sober living houses.  Except as expressly admitted and alleged herein, the City

2    denies the allegations.

3        13.    Answering paragraph 18, the City admits and alleges that the Newport

4    Beach Zoning Code has always spoken for itself.  Except as expressly admitted

5    and alleged herein, the City denies the allegations.

6        14.    Answering paragraph 19, the City admits and alleges that the

7    Moratorium Ordinances adopted by the City speak for themselves.  Except as

8    expressly admitted and alleged herein, the City denies the allegations.

9        15.    Answering paragraph 20, the City admits and alleges that Ordinance

10   No. 2007-8, adopted on April 24, 2007, speaks for itself.  Except as expressly

11   admitted and alleged herein, the City denies the allegations.

12       16.    Answering paragraph 21, the City admits and alleges that Ordinance

13   No. 2007-8 speaks for itself.  Except as expressly admitted and alleged herein, the

14   City denies the allegations.

15       17.    Answering paragraph 22, the City admits and alleges that Ordinance

16   No. 2007-8 speaks for itself.  Except as expressly admitted and alleged herein, the

17   City denies the allegations.

18       18.    Answering paragraph 23, the City admits and alleges that Ordinance

19   No. 2007-10, adopted on May 30, 2007, speaks for itself.  Except as expressly

20   admitted and alleged herein, the City denies the allegations.

21       19.    Answering paragraph 24, the City admits and alleges that Ordinance

22   No. 2007-10 speaks for itself.  Except as expressly admitted and alleged herein,

23   the City denies the allegations.

24       20.    Answering paragraph 25, the City admits and alleges that Ordinance

25   No. 2007-10 speaks for itself.  Except as expressly admitted and alleged herein,

26   the City denies the allegations.

27       21.    Answering paragraph 26, the City admits and alleges that Ordinance

28   No. 2007-16, adopted on October 17, 2007, speaks for itself.  Except as expressly

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-4-

ANSWER TO THIRD AMENDED COMPLAINT

1  admitted and alleged herein, the City denies the allegations.

2      22.    Answering paragraph 27, the City admits and alleges that Ordinance

3  No. 2007-16, adopted on October 17, 2007, speaks for itself.  Except as expressly

4  admitted and alleged herein, the City denies the allegations.

5      23.    Answering paragraph 28, the City admits and alleges that Ordinance

6  No. 2007-16, adopted on October 17, 2007, speaks for itself.  Except as expressly

7  admitted and alleged herein, the City denies the allegations.

8      24.    Answering paragraph 29, the City admits and alleges that it enacted

9  Ordinance 2008-5 ("Group Home Ordinance") on January 22, 2008.  The City

10  further admits and alleges that the Group Home Ordinance and the Newport Beach

11  Zoning Code speak for themselves.  Except as expressly admitted and alleged

12  herein, the City denies the allegations.

13      25.    Answering paragraph 30, the City admits and alleges that the Group

14  Home Ordinance speaks for itself.  Except as expressly admitted and alleged

15  herein, the City denies the allegations.

16      26.    Answering paragraph 31, the City admits and alleges that the Group

17  Home Ordinance speaks for itself.  Except as expressly admitted and alleged

18  herein, the City denies the allegations.

19      27.    Answering paragraph 32, the City admits and alleges that the Group

20  Home Ordinance speaks for itself.  Except as expressly admitted and alleged

21  herein, the City denies the allegations.

22      28.    Answering paragraph 33, the City admits and alleges that the Group

23  Home Ordinance speaks for itself.  Except as expressly admitted and alleged

24  herein, the City denies the allegations.

25      29.    Answering paragraph 34, the City admits and alleges that the Group

26  Home Ordinance and the Newport Beach Zoning Code speak for themselves.

27  Except as expressly admitted and alleged herein, the City denies the allegations.

28      30.    Answering paragraph 35, the City admits and alleges that the Group

ANSWER TO THIRD AMENDED COMPLAINT

11287\0018\1185084.1

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1    Home Ordinance, the use permit application, and the Good Neighbor Principles
2    each speak for themselves.  Except as expressly admitted and alleged herein, the
3    City denies the allegations.

4        31.    Answering paragraph 36, the City admits and alleges that the use
5    permit application speaks for itself.  Except as expressly admitted and alleged
6    herein, the City denies the allegations.

7        32.    Answering paragraph 37, the City admits and alleges that the Group
8    Home Ordinance speaks for itself.  Except as expressly admitted and alleged
9    herein, the City denies the allegations.

10       33.    Answering paragraph 38, the City admits and alleges that the Group
11   Home Ordinance speaks for itself.  Except as expressly admitted and alleged
12   herein, the City denies the allegations.

13       34.    Answering paragraph 39, the City admits and alleges that the Group
14   Home Ordinance speaks for itself.  Except as expressly admitted and alleged
15   herein, the City denies the allegations.

16       35.    Answering paragraph 40, the City admits and alleges that the Group
17   Home Ordinance speaks for itself.  Except as expressly admitted and alleged
18   herein, the City denies the allegations.

19       36.    Answering paragraph 41, the City admits and alleges that the Group
20   Home Ordinance speaks for itself.  Except as expressly admitted and alleged
21   herein, the City denies the allegations.

22       37.    Answering paragraph 42, the City admits and alleges that the Group
23   Home Ordinance speaks for itself.  Except as expressly admitted and alleged
24   herein, the City denies the allegations.

25       38.    Answering paragraph 43, the City denies the allegations.

26       39.    Answering paragraph 44, the City admits and alleges that the
27   referenced provisions of the California Health and Safety Code, their
28   implementing regulations, and the referenced Attorney General opinion each

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-6-

1    speak for themselves.  Except as expressly admitted and alleged herein, the City

2    denies the allegations.

3       40.    Answering paragraph 45, the City admits and alleges that Health and

4    Safety Code Section 11834.03 speaks for itself.  Except as expressly admitted and

5    alleged herein, the City denies the allegations.

6       41.    Answering paragraph 46, the City denies the allegations.

7       42.    Answering paragraph 47, the City denies the allegations.

8       43.    Answering paragraph 48, the City admits and alleges that Newport

9    Coast Recovery (NCR) applied for a use permit on May 20, 2008, and that the

10   application speaks for itself.  The City is without sufficient information or belief

11   as to how long it took NCR to complete the application, and on that basis denies

12   the allegation.  The City further admits and alleges that the application was

13   incomplete when submitted.  The City further admits and alleges that City staff

14   recommended that the application be approved with conditions that speak for

15   themselves.  The City is without sufficient information or belief as to whether

16   NCR was willing to accept those conditions.  The City further admits and alleges

17   that on December 8, 2008, a hearing officer conducted a hearing on NCR's

18   incomplete application, and that the hearing was continued until January 12, 2009.

19   The City further admits and alleges that the record of proceedings during the

20   hearing on January 12, 2009 speaks for itself.  Except as expressly admitted and

21   alleged herein, the City denies the allegations.

22      44.    Answering paragraph 49, the City further admits and alleges that on

23   February 4, 2009, the hearing officer signed a resolution denying the application,

24   which resolution speaks for itself.  The City further admits and alleges that NCR

25   appealed to the City Council which, on April 14, 2009, remanded the application

26   to the City's hearing officer for further consideration, and did so over NCR's

27   objections.  Except as expressly admitted and alleged herein, the City denies the

28   allegations.

ANSWER TO THIRD AMENDED COMPLAINT

11287\0018\1185084.1

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

45.    Answering paragraph 50, the City admits and alleges that NCR filed a request for a reasonable accommodation on or about April 7, 2009, and that the request speaks for itself.  Except as expressly admitted and alleged herein, the City denies the allegations.

46.    Answering paragraph 51, the City admits and alleges that counsel for NCR requested that the City provide a copy of its staff report 10 days in advance of the hearing scheduled for July 7, 2009.  The City further admits and alleges that it provided the staff report to NCR's counsel on July 1, 2009.  The City further admits and alleges that the staff report speaks for itself.  Except as expressly admitted and alleged herein, the City denies the allegations.

47.    Answering paragraph 52, the City admits and alleges that a public hearing on NCR's use permit application and request for reasonable accommodation was conducted on July 7, 2009.  The City further admits and alleges that the transcript of the hearing speaks for itself.  Except as expressly admitted and alleged herein, the City denies the allegations.

48.    Answering paragraph 53, the City denies the allegations.

49.    Answering paragraph 54, the City admits and alleges that the hearing officer issued a written order on August 18, 2009 denying NCR's request and requesting the City to prepare a Resolution of Denial.  The City further admits and alleges that NCR inadvertently was not served with a copy of the order.  The City lacks sufficient information or belief regarding when and how NCR discovered the order and on that basis denies those allegations.

50.    Answering paragraph 55, the City admits and alleges that Yellowstone's group residential houses were located in an unincorporated area of Orange County before January 1, 2008.  Except as expressly admitted and alleged herein, the City denies the allegations.

51.    Answering paragraph 56, the City admits the allegations.

52.    Answering paragraph 57, the City admits and alleges that

-8-

11287\0018\1185084.1

1   Yellowstone applied to the City for a use permit and requested a reasonable

2   accommodation.  The City admits and alleges that both applications speak for

3   themselves.  Except as expressly admitted and alleged herein, the City denies the

4   allegations.

5        53.    Answering paragraph 58, the City admits and alleges that

6   Yellowstone filed the referenced complaint, and that the complaint speaks for

7   itself.  The City is without sufficient information or belief to answer the remaining

8   allegations and on that basis denies those allegations.

9        54.    Answering paragraph 59, the City admits the allegations.

10        55.    Answering paragraph 60, the City denies the allegations.

11        56.    Answering paragraph 61, the City denies the allegations.

12        57.    Answering paragraph 62, the City admits and alleges that HIPAA,

13   "the confidentiality restrictions of the California ADP," the Administrative

14   Procedures Act, and "California licensing procedures" each speak for themselves.

15   Except as expressly admitted and alleged herein, the City denies the allegations.

16        58.    Answering paragraph 63, the City denies the allegations.

17        59.    Answering paragraph 64, the City admits and alleges that the

18   moratorium ordinances, Ordinance No. 2008-5, the Newport Beach General Plan,

19   and California's Planning and Zoning Law each speak for themselves.  The City

20   further admits and alleges that the California Department of Housing and

21   Community Development found that the City's draft housing element did not

22   comply with State housing element law in part because the draft housing element

23   did not include a description of Ordinance No. 2008-5, and did not analyze the

24   Ordinance for requirements that may or may not constrain housing for persons

25   with disabilities.  Except and expressly admitted and alleged herein, the City

26   denies the allegations.

27        60.    Answering paragraph 65, the City admits and alleges that the Newport

28   Beach General Plan, and California's Planning and Zoning Law each speak for

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

-9-

1  themselves.  The City further admits and alleges that the California Department of
2  Housing and Community Development found that the City's draft housing element
3  did not comply with State housing element law in part because the draft housing
4  element did not include a description of Ordinance No. 2008-5, and did not
5  analyze the Ordinance for requirements that may or may not constrain housing for
6  persons with disabilities.  Except and expressly admitted and alleged herein, the
7  City denies the allegations.
8      61.    Answering paragraph 66, the City denies the allegations.
9      62.    Answering paragraph 67, the City denies the allegations.
10     63.    Answering paragraph 68, the City admits and alleges that an actual
11  controversy exists.  Except as expressly admitted and alleged herein, the City
12  denies the allegations.
13     64.    Answering paragraph 69, the City denies the allegations.
14     65.    Answering paragraph 70, the City realleges and incorporates by
15  reference each preceding paragraph.
16     66.    Answering paragraph 71, the City denies the allegations.
17     67.    Answering paragraph 72, the City realleges and incorporates by
18  reference each preceding paragraph.
19     68.    Answering paragraph 73, the City denies the allegations.
20     69.    Answering paragraph 74, the City realleges and incorporates by
21  reference each preceding paragraph.
22     70.    Answering paragraph 75, the City denies the allegations.
23     71.    Answering paragraph 76, the City realleges and incorporates by
24  reference each preceding paragraph.
25     72.    Answering paragraph 77, the City denies the allegations.
26     73.    Answering paragraph 78, the City realleges and incorporates by
27  reference each preceding paragraph.
28     74.    Answering paragraph 79, the City denies the allegations.

-10-

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

11287\0018\1185084.1

75.    Answering paragraph 80, the City realleges and incorporates by reference each preceding paragraph.

76.    Answering paragraph 81, the City denies the allegations.

77.    Answering paragraph 82, the City denies the allegations.

78.    Answering paragraph 83, the City realleges and incorporates by reference each preceding paragraph.

79.    Answering paragraph 84, the City denies the allegations.

80.    Answering paragraph 85, the City denies the allegations.

81.    Answering paragraph 86, the City denies the allegations.

82.    Answering paragraph 87, the City realleges and incorporates by reference each preceding paragraph.

83.    Answering paragraph 88, the City denies the allegations.

84.    Answering paragraph 89, the City realleges and incorporates by reference each preceding paragraph.

85.    Answering paragraph 90, the City denies the allegations.

86.    Answering paragraph 91, the City realleges and incorporates by reference each preceding paragraph.

87.    Answering paragraph 92, the City denies the allegations.

## FIRST AFFIRMATIVE DEFENSE

88.    The City adopted the Moratorium Ordinances for legitimate, non-discriminatory reasons.

## SECOND AFFIRMATIVE DEFENSE

89.    The City adopted the Group Home Ordinance for legitimate, non-discriminatory reasons.

-11-

ANSWER TO THIRD AMENDED COMPLAINT

11287\0018\1185084.1

**THIRD AFFIRMATIVE DEFENSE**

90.   Plaintiffs lack standing to challenge the Moratorium Ordinances because those ordinances never have been applied to plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE**

91.   Plaintiffs' challenges to the use permit and reasonable accommodation processes in the Group Home Ordinance are not ripe because the City has not made a final decision on plaintiffs' use permit and reasonable accommodation applications.

**FIFTH AFFIRMATIVE DEFENSE**

92.   Plaintiff NCR's challenge to the use permit and reasonable accommodation processes are barred by its failure to exhaust its administrative remedies.

**SIXTH AFFIRMATIVE DEFENSE**

93.   Plaintiffs are barred under California Government Code section 945.4 from seeking damages in connection with their third claim under FEHA because they failed first to present a claim to the City under California's Government Claims Act (section 905 *et seq.*).

**SEVENTH AFFIRMATIVE DEFENSE**

94.   Plaintiffs are barred under California Government Code section 945.4 from seeking damages in connection with their fifth and tenth (erroneously labeled as eighth) claims alleging violations of the California Constitution because they failed first to present a claim to the City under California's Government Claims Act (section 905 *et seq.*).

ANSWER TO THIRD AMENDED COMPLAINT

11287\0018\1185084.1

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

## EIGHTH AFFIRMATIVE DEFENSE

95.    Plaintiffs are barred under California Government Code section 945.4 from seeking damages in connection with their sixth, seventh and ninth claims alleging violations of California law because they failed first to present a claim to the City under California's Government Claims Act (section 905 *et seq.*).

## NINTH AFFIRMATIVE DEFENSE

96.    Plaintiffs' fifth claim is barred by the limitations period set forth in California Government Code section 65009(c)(1)(B).

## TENTH AFFIRMATIVE DEFENSE

97.    Plaintiffs' fifth claim is barred by California Government Code section 65009(b)(1) because the alleged infirmities were not raised during the proceedings leading to the adoption of the Group Home Ordinance.

## ELEVENTH AFFIRMATIVE DEFENSE

98.    Plaintiffs' sixth claim is barred by the limitations periods set forth in California Government Code sections 65009(c)(1)(A) and 65009(c)(1)(B).

## TWELFTH AFFIRMATIVE DEFENSE

99.    Plaintiffs' sixth claim is barred by California Government Code section 65009(b)(1) because the alleged infirmities were not raised during the proceedings leading to the adoption of the moratorium ordinances or the Group Home Ordinance.

## THIRTEENTH AFFIRMATIVE DEFENSE

100.    Plaintiffs' sixth claim is barred by the limitations period set forth in, and the failure to follow the procedures set forth in, California Government Code

-13-

11287\0018\1185084.1

section 65009(d)

## FOURTEENTH AFFIRMATIVE DEFENSE

101.   Plaintiffs' seventh claim is barred by the limitations period set forth in California Government Code section 65009(c)(1)(B).

## FIFTEENTH AFFIRMATIVE DEFENSE

102.   Plaintiffs' seventh claim is barred by California Government Code section 65009(b)(1) because the alleged infirmities were not raised during the proceedings leading to the adoption of the Group Home Ordinance.

## SIXTEENTH AFFIRMATIVE DEFENSE

103.   Plaintiffs' ninth claim is barred by the limitations period set forth in California Government Code section 65009(c)(1)(B).

## SEVENTEENTH AFFIRMATIVE DEFENSE

104.   Plaintiffs' ninth claim is barred by California Government Code section 65009(b)(1) because the alleged infirmities were not raised during the proceedings leading to the adoption of the Group Home Ordinance.

## EIGHTEENTH AFFIRMATIVE DEFENSE

105.   Plaintiffs' tenth claim is barred by the limitations period set forth in California Government Code section 65009(c)(1)(B).

## NINETEENTH AFFIRMATIVE DEFENSE

106.   Plaintiffs' tenth claim is barred by California Government Code section 65009(b)(1) because the alleged infirmities were not raised during the proceedings leading to the adoption of the Group Home Ordinance.

-14-

11287\0018\1185084.1

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1   WHEREFORE, the City prays:

2         1.      That plaintiffs take nothing by way of their Second Amended

3   Complaint and that the Court enter judgment in favor of the City.

4         2.      That the Court award the City its costs of suit and attorney's fees as

5   allowed by law.

6         3.      For such other relief as the Court deems proper.

7

8   DATED: November 9, 2009                    DAVID R. HUNT
                                               CITY ATTORNEY
9                                              CITY OF NEWPORT BEACH

10                                             T. PETER PIERCE
                                               PATRICK K. BOBKO
11                                             TOUSSAINT S. BAILEY
                                               RICHARDS, WATSON & GERSHON
12                                             A Professional Corporation

13

14                                      By: _____
                                               T. PETER PIERCE
15                                             Attorneys for Defendant
                                               CITY OF NEWPORT BEACH
16

17

18

19

20

21

22

23

24

25

26

27

28

-15-
ANSWER TO THIRD AMENDED COMPLAINT

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

11287\0018\1185084.1