UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 08-457 JVS (RNBx)<br>**SACV 09-701 JVS (RNBx)**\*\*\* | Date | January 12, 2011 |
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach<br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*\*\* | | |

Present: The Honorable     James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Elizabeth Noonan Brancart | T. Peter Pierce<br>Patrick Bobko |

**Proceedings:**    Defendant City of Newport Beach's Motions for Partial Summary Judgment on the Issue of Causation of Damages (Fld 10-26-11)

Plaintiffs' Motions to Strike New Arguments (Fld 1-3-11)

**Cause called and counsel make their appearances. The Court and counsel confer. The Court's tentative ruling is issued. The Court GRANTS the defendant's motion and Denies the plaintiff's motion and rules in accordance with the tentative ruling as follows**:

Defendant City of Newport Beach ("Newport Beach" or "the City") moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 in both of these related cases. (08-457, Docket No. 169; 09-701, Docket No. 120.) Plaintiffs Pacific Shores Properties, LLC ("Pacific Shores"), Sean Wiseman, and Terri Bridgeman oppose. (08-457, Docket No. 174.) In Case Number 09-701, Plaintiffs Newport Coast Recovery ("NCR") and Yellowstone Women's First Step House ("Yellowstone") oppose. (09-701, Docket No. 127.)

Following Newport Beach's filing of Reply Briefs in both cases, Plaintiffs filed Motions to Strike what they characterize as new arguments in the Newport Beach's Reply Briefs. The Court addresses these arguments below.

I.     Background

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-457 JVS (RNBx)<br>**SACV 09-701 JVS (RNBx)**\*\*\* | Date | January 12, 2011 |
|---|---|---|---|
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach<br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*\*\* | | |

  The facts are well-known to the parties. These cases involve sober housing facilities for persons recovering from drug and/or alcohol addictions. The facilities are located in Newport Beach, California. Earlier litigation has focused on the validity and enforcement of relevant zoning ordinances enacted by Newport Beach in 2007 and 2008. The first set of ordinances, the 2007 Moratorium Ordinances ("2007 Ordinances"), placed a moratorium on transitory uses (new residential uses where the average tenancy is less than ninety days). (09-701, Docket No. 118, at 2.) On November 6, 2007, Newport Beach filed a complaint in California Superior Court against Pacific Shores and others for alleged violation fo the 2007 Ordinances, and in May 2008 Pacific Shores received an "abatement notification" from the City. (Brancart Decl., Ex., 11, Manderson Decl., ¶ 15.)

  A few months earlier, on January 22, 2008, the Newport Beach City Council adopted Ordinance 2008-5, which restricts certain group uses in residential districts. (09-701, Docket No. 118, at 2.) Ordinance 2008-5 prohibits operation of "residential care facilities" except in limited circumstances or where disabled individuals (including those living in sober living homes) apply for a reasonable accommodation. (09-701, Docket No. 118, at 3.) In October and November 2009, Plaintiffs filed their respective operative Complaints, seeking injunctive and declaratory relief[1] under a variety of federal and state laws regarding the validity of the ordinances. (09-701, Docket No. 19; 08-457, Docket No. 60.) Plaintiffs asserted theories of disparate treatment and selective enforcement of Ordinance 2008-5, based on the Fair Housing Act ("FHA"); the Americans with Disabilities Act ("ADA"), California Fair Employment and Housing Act ("FEHA"), California Government Code § 12926 et seq., and the Equal Protection Clause of the Fourteenth Amendment, via 42 U.S.C. § 1983. (08-457, Docket No. 118, at 5.) Pacific Shores also brought discrimination claims under the FHA, ADA, FEHA, and Equal Protection Clause, to the extent they were based upon the City's enforcement of the 2007 Ordinances. (Id.) Newport Beach moved for partial summary judgment in both cases.

  On October 25, 2010, this Court granted summary judgment in favor of Newport Beach with respect to Plaintiffs' disparate treatment and selective enforcement claims brought under the FHA, ADA, FEHA, and the Equal Protection Clause as they pertain to

---

[1] Requests for economic and non-economic damages are contained in Plaintiffs' Eighth Supplemental Disclosure. (Pierce Decl., Ex. C.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-457 JVS (RNBx)<br>**SACV 09-701 JVS (RNBx)**\*\*\* | Date | January 12, 2011 |
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach<br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*\*\* | | |

Ordinance 2008-5. (Id. at 12.) The Court held that Plaintiffs had not shown Newport Beach treated them different from similarly situated people. (Id.) However, the Court denied summary judgment on Pacific Shores' discrimination claims brought under the FHA, ADA, FEHA, and the Equal Protection Clause to the extent they were claims for damages based upon enforcement of the 2007 Ordinances. (Id. at 15.) This was because Newport Beach did not produce evidence that it enforced the 2007 Ordinances against any similarly situated non-disabled person. (Id.)

Now Newport Beach moves for partial summary judgment as to causation of damages in Case Number 08-457, on the grounds that Plaintiffs Pacific Shores[2] cannot establish that any action taken by the City was the actual and proximate cause of the economic damages they are seeking; and that Plaintiffs Wiseman and Bridgeman cannot establish that actions taken by the City were the actual and proximate cause of any non-economic damages they seek. (08-457, Newport Beach's Notice of Mot., 2.) Newport Beach also moves in Case Number 09-701 for partial summary judgment as to NCR/Yellowstone, arguing that neither can establish action taken by the City was the actual and proximate cause of the economic damages it is seeking. (09-701, Newport Beach's Notice of Mot., 2.)

II.    Legal Standard

Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary adjudication, or partial summary judgment "upon all or any part of a claim," is appropriate where there is no genuine issue of material fact as to that portion of the claim. Fed. R. Civ. P. 56(a), (b).

The burden initially is on the moving party to demonstrate an absence of a genuine

---

[2] Although Newport Beach's Notice of Motion originally included Plaintiff Alice Conner, in its Reply Brief Newport Beach states that it is not seeking partial summary judgment with respect to Conner's alleged injuries. (Def.'s Reply Br. 12, n.3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-457 JVS (RNBx) <br> **SACV 09-701 JVS (RNBx)*** | Date | January 12, 2011 |
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach <br> **Newport Coast Recovery LLC, et al. v. City of Newport Beach*** | | |

issue of material fact. Celotex, 477 U.S. at 323. If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. See id. at 322-23. If the nonmoving party meets this burden, then the motion will be denied. Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc., 210 F.3d 1099, 1103 (9th Cir. 2000). "When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

III.  Case No. 08-457 ("Pacific Shores")

Plaintiffs Pacific Shores, Wiseman, and Bridgeman seek damages under the FHA; ADA; FEHA; 42 U.S.C. § 1983; and for invasion of privacy under the California Constitution. (See generally 08-457, Docket No. 60.) Pacific Shores operates two sober living homes on Orange Avenue and one home on Clay Street. Mark Manderson, Jr. ("Manderson") is the manager for Pacific Shores. (Manderson Decl. ¶ 1. ) The homes on Orange Avenue have a capacity for eighteen residents each. (Manderson Dep. 43:24-25.) In order to comply with the City's ordinances, Pacific Shores made requests for reasonable accommodations from Newport Beach. (Manderson Decl., ¶ 8.) Pacific Shores sought approval from the City for a reduced number of occupants – twelve in each Orange Avenue house. The City granted that accommodation. Pacific Shores then reported an income drop of $81,014 and $21,289, respectively, for the two houses, from 2007 to 2008. (Manderson Decl. ¶ 33.) The Clay Street house also lost income between 2007 ($165,000) and 2008 ($89,328). (Id. at ¶ 34.)

The Court agrees with Newport Beach that the only viable claims for damages would necessarily arise out of Plaintiffs' challenge to the City's 2007 Ordinances. (Def.'s Reply Br. 2.) Pacific Shores argues that the City's enforcement of the 2007 Ordinances and Ordinance 2008-5 have damaged Pacific Shores' reputation and income levels. (Pls.' Opp'n Br. 8.)

A.  Causation

Plaintiffs seek damages based on (1) loss of income; (2) loss of business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-457 JVS (RNBx)<br>**SACV 09-701 JVS (RNBx)**\*\*\* | Date | January 12, 2011 |
|---|---|---|---|
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach<br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*\*\* | | |

opportunity; (3) damage to business reputation; and (4) increased expenses. Newport Beach argues that causation is a necessary element to recover damages on each of Plaintiffs' claims. For instance, the FHA "authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach." Garcia v. Brockway, 526 F.3d 456, 464 (9th Cir. 2008); A.H.D.C. v. City of Fresno, 2004 WL 5866233, at *20 (E.D. Cal. 2004). For an ADA claim, the plaintiff must prove the agency's action caused plaintiff damage. Bowers v. Nat'l Collegiate Athletic Ass'n, 564 F. Supp. 2d 322, 350-51 (D.N.J. 2008).

Plaintiffs argue that they can "raise the inference of causation by showing that injuries are the type of loss that can be expected from a defendant's action." (Pls.' Opp'n Br. 11-12, citing to Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 123-24 (1969) and Knutson v. The Daily Review, 548 F.2d 795, 813 (9th Cir. 1976).) Plaintiffs argue that Newport Beach's efforts to "reduce the number of, if not entirely eliminate, sober living facilities foreseeably resulted in business losses for those targeted businesses, including Pacific Shores." (Id.) They argue that the extent of damages is a "matter of just and reasonable inference" in cases where the amount of damages may be "approximate." Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 563 (1931). Plaintiffs then argue that the outcome in antitrust cases in which causation may be inferred should govern here because the type of injuries sought by Plaintiffs for loss of income and downturn in business are "analogous to those sought in antitrust cases by a business seeking recovery for injuries caused by a partial or total exclusion from a market." (Pls.' Opp'n Br. 11.)

The Court does not agree. As Newport Beach argued in its Reply Brief, Plaintiffs cite no authority for applying antitrust causation principles in a challenge to land use regulation. (Def.'s Reply Br. 9.) In Knutson, the Ninth Circuit made plain that the relaxed standards for proof of loss and quantum of loss are peculiar to the antitrust laws. Knutson, 548 F.2d 811. While damages may be inferred if they cannot be precisely calculated, there is no authority that a court may infer causation (in order to award damages). As explained in more detail below, there is an absence of evidence that shows Newport Beach's enactment and enforcement of the 2007 Ordinances is the actual and proximate cause of Plaintiffs' injuries.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-457 JVS (RNBx)<br>**SACV 09-701 JVS (RNBx)**\*\*\* | Date | January 12, 2011 |
|---|---|---|---|
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach<br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*\*\* | | |

           1.      Loss of Income & Loss of Business Opportunity

      Newport Beach argues there is no evidence that Newport Beach was responsible for Pacific Shores' economic losses. Manderson did not testify to how much income Pacific Shores allegedly lost as a result of the moratorium or the number of residents in the facilities before and after the moratorium was adopted. (Manderson Dep. 56-57.) Manderson testified that one resident left the facility because of his parents read a newspaper article about the moratorium, but he did not remember who the person was, or when the person moved out. (Manderson Dep. 55:9-56:21.) Manderson could not recall whether anyone ever told him they wanted to live at a Pacific Shores facility but did not because of the moratorium. (Id. at 56:18-57:2.) While some residents expressed a "fear of the unknown," and others said they did not want to live in Newport, Manderson could not testify to how many had said this or to why they did not want to live at Pacific Shores or in Newport Beach as a whole. (Id. at 56:22-58:22.)

      Pacific Shores argues that the City's citation to Manderson's testimony is incomplete and the City fails to take into account other evidence of damages that Manderson discussed in his deposition. (Plaintiffs' Statement of Genuine Issues ("SGI") Nos. 12-14.) The Court has reviewed Manderson's deposition and finds that Pacific Shores' characterization is unsupported: Manderson testifies that (1) he did not recall how much income Pacific Shores lost between April of 2007 and January of 2008 (because the 2007 tax information and 2008 income and expenses had been submitted to the City at the time of Manderson's deposition) (Manderson Dep. 35-36); that his income was "less" in 2008 than the year before (id. at 45-46); that "people started leaving and a few or less started coming in" at the time that newspaper articles started circulating (id.); and that there was a projected revenue loss in 2008. (Id. at 91; see also Pierce Decl., Ex. C, at 32). Pacific Shores reduced its occupancy by six persons, reducing the annual income by a total of $102,303. (Manderson Dec. ¶ 33.) The Court finds that while Pacific Shores has shown a loss, Manderson's testimony simply did not provide adequate evidence linking Pacific Shores' loss to the City's enactment or enforcement of the 2007 Ordinances. People may leave a treatment facility for many reasons. The evidence did not show that the City's actions were the reason, or even a substantial reason, for Pacific Shores' loss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-457 JVS (RNBx)<br>**SACV 09-701 JVS (RNBx)**\*\*\* | Date | January 12, 2011 |
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach<br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*\*\* | | |

     Pacific Shores submits its Eighth Supplemental Disclosure, which shows Pacific Shores' income for 2007 and 2008 and the lost income due to the reasonable accommodation Pacific Shores sought to limit occupancy to twelve persons per house. (Pierce Decl., Ex. C, at 30-32.)  Again, while this document shows a loss from 2007 to 2008, it does not show Newport Beach was responsible for that loss.[3]  That is, Pacific Shores' additional evidence that enforcement has been "widely known throughout Orange County" and that referral sources became "less willing" to refer residents to Pacific Shores (Brancart Decl., Ex. 16, McNiff Decl., ¶¶ 9-10) does not create a dispute such that a juror would find the City responsible for Pacific Shores' losses.

     Moreover, while Pacific Shores presents evidence that Manderson fielded questions from a number of residents about whether the facilities would be shut down (Manderson Dep. 55-56), there is no evidence that residents left because of Manderson's response.  Pacific Shores cites to DSPT Int'l, Inc. v. Nahum, 2010 WL 4227883, at *6 (9th Cir. Oct. 27, 2010), for the proposition that it need not identify any specific persons who moved out or moved in to the facilities to recover damages.  (Pls.' Opp'n Br. 14.)  Instead they argue that the "reaction" of Pacific Shores' clients and referral sources is "strong proof of the effect of the City's action on its business reputation."  (Id.)  This argument is not supported by DSPT.  In that case, the owner of a clothing company sued his former employee for cyberpiracy.  The employee had removed the clothing company's website, thus preventing further sales, and the company owner sued to recover damages under cybersquatting statutes.  There, the plaintiff provided detailed information on sales, expenses, and profits for four years, as well as the company president's testimony about the financial impact of the cyberpiracy.  Id. at 1222-23.  While the court did not require that DSPT know "with any precision what [its] sales would have been had [the defendant] not committed his wrong," it found that the jury had sufficient tools to estimate DSPT's actual damages.  Id. at 1223.  Here, however, as discussed below,

---

     [3] In fact, it would appear that while the occupancy was reduced to twelve persons per house, before the accommodation, the occupancy at one of the houses, 492 1/2 Orange Avenue, averaged 13.75 persons.  The occupancy at 492 Orange averaged 18.75 persons.  Therefore, it appears that Pacific Shores' request for a reasonable accommodation was not a significant departure from the occupancy levels of at least one of its properties and is not the tremendous reduction in operating capacity that it would lead the Court to believe occurred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-457 JVS (RNBx)<br>**SACV 09-701 JVS (RNBx)**\*\*\* | Date | January 12, 2011 |
|---|---|---|---|
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach<br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*\*\* | | |

Pacific Shores has not provided the requisite level of detail that links the City's action (enforcement of its ordinances) with Pacific Shores' losses. Therefore, testimony about conversations in which residents were fearful about the effect of the City's zoning ordinances does not establish causation.

Newport also argues that when Pacific Shores made a reasonable accommodation application to reduce the capacity of its Orange Avenue homes from eighteen persons to twelve persons, it did so on its own volition. Pacific Shores requested a reasonable accommodation for twelve residents at each of its two houses. (Manderson Decl., ¶¶ 9-16.) Pacific Shores argues that it "only made the reduced request for reasonable accommodation after it had been denied its prior requests." (Pls.' Reply Br. 15.) While it is true that Pacific Shores made numerous reasonable accommodation requests and that the Hearing Officer had stated Pacific Shores might present the City with a lower-than-requested facility population level, Pacific Shores apparently chose the number twelve before the City Council had a chance to rule on an existing request for reasonable accommodation. (Manderson Decl. ¶ 14.) Indeed it represented that it needed a "minimum of twelve residents per address . . . [to] be economically viable." (Def.'s Mot. Br. 8.) Thus, the Court agrees with Newport Beach that to the extent Pacific Shores seeks damages for lost income, some of the income was within Pacific Shores' control as a reasonable accommodation request. Accordingly, insufficient evidence exists to show the City's action in granting Pacific Shores' own request caused the damages Pacific Shores now seeks to recover.

        2.      Damage to Business Reputation

Newport Beach argues Pacific Shores' evidence does not show the City caused damage to Pacific Shores' business reputation. (Def.'s Mot. Br. 10.) For instance, Manderson could not recall anyone telling him they did not want to live at Pacific Shores because of the City's regulations. (Manderson Dep. 33:3-35:9.) Newport Beach argues that the people with the most knowledge of Pacific Shores' alleged economic damages cannot identify "even one person who would definitely have moved into the facility had there been no enforcement." (Def.'s Mot. Br. 11.)

Pacific Shores admits that harm to a business's reputation and goodwill is difficult

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-457 JVS (RNBx) <br> **SACV 09-701 JVS (RNBx)**\*** | Date | January 12, 2011 |
|---|---|---|---|
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach <br> **Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*** | | |

to quantify, (Pls.' Opp'n Br. 17) but that "evidence of client awareness", and the concerns that residents, prospective residents, and referral sources had about potential closure, raise an inference that the City's actions caused Pacific Shores to lose its client goodwill and reputation. (Id.) The Court cannot agree that evidence exists from which a reasonable juror "could conclude that the City's enforcement of its moratorium caused residents to leave its facilities or diverted potential clients." (Def.'s Reply Br. 13.) As explained above, receiving phone calls or queries from clients asking whether facilities will close does not support a loss of business reputation and it does not serve as evidence that Newport Beach caused Pacific Shores to suffer damage to its business reputation. Accordingly, the Court finds in favor of Newport Beach that Plaintiffs have not provided material disputed facts such that a reasonable juror could conclude Newport Beach was the actual and proximate cause of any loss to business reputation that Pacific Shores suffered.

### 3. Increased Expenses

Manderson testified that Pacific Shores incurred greater advertising expenses in order to maintain a consistent level at its facility. (Manderson Dep. 49:18-50:29.) For instance, Pacific Shores increased its advertising expenditures and engaged a web consultant to improve Pacific Shores' web page ranking in online searches. (Manderson Decl. ¶ 28.) But the City could not have proximately caused increased expenses unless it caused a decrease in the number of residents (thus creating a need to advertise). (Def.'s Mot. Br. 11.) Manderson testifies that to counteract the effect of the City's actions, Pacific Shores increased advertising expenditures by $869.00 from 2007 to 2008 "to inform the public that its Newport Beach houses were open and provided a safe place for sober housing." (Manderson Decl. ¶ 29.) There are many reasons a business would increase its advertising expenditures in a given year, not least because income had decreased. But again, without showing that income decreased because of Newport Beach's actions, the Court cannot find that a jury would hold Newport Beach liable for Pacific Shores' increased expenditures. (Def.'s Reply Br. 13.)

Newport Beach argues that Pacific Shores is not entitled to recover part of the "staff expenses" for compliance or expenses incurred in employing outside counsel. (Def.'s Mot. Br. 12.) Newport argues that Pacific Shores has not identified what act or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-457 JVS (RNBx)<br>**SACV 09-701 JVS (RNBx)*** | Date | January 12, 2011 |
|---|---|---|---|

| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach<br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach*** |
|---|---|

regulation caused Manderson to divert his energy to comply with the facially valid 2008-5 Ordinance.  (Id.)  Pacific Shores argues that its staff spent time complying and attempting to comply with the City's demands and requirements in connection with their reasonable accommodations under Ordinance 2008-5, for which damages may be recovered.  (Pls.' Opp'n Br. 19, citing to Fair Housing of Marin v. Combs, 285 F.3d 899, 904 (9th Cir. 2002).  However, Plaintiffs' citation to Fair Housing is misplaced.  That case examined the issue of organizational standing and determined that Fair Housing of Marin had standing to sue an apartment complex owner for illegal housing discrimination.  Fair Housing of Marin demonstrated a drain on its resources "from both a diversion of its resources and frustration of its mission," id. at 905, because the organization had to engage in actions above and beyond litigation (including designing and disseminating literature to redress the effects of the complex owner's discrimination).  That case does not provide authority that any time a private business spends time complying with a local ordinance he or she may recover damages for diversion of resources.

Finally, Pacific Shores seeks to recover legal fees incurred for outside counsel that assisted them in complying with the 2007Ordinances and Ordinance 2008-5.  The Court believes this is an issue better resolved in a separate application for attorneys' fees.

  B.  Non-Economic Damages

Individual Plaintiffs Wiseman and Bridgeman seek compensatory damages for injuries due to emotional distress.  As Plaintiffs state in their Eighth Supplemental Disclosure, the court will consider the facts that gave rise to the discrimination claims and plaintiffs' reaction to discrimination.  (Pierce Decl., Ex. C, at 33, citing to Carey v. Piphus, 435 U.S. 247, 263-64 & n.20 (1978).)
Newport Beach argues that the deposition testimony of Plaintiffs Wiseman and Bridgeman shows that neither is entitled to non-economic damages.  (Def.'s Mot. Br. 13.)  For instance, Wiseman testified that he was not seeking monetary damages for anxiety from the City.  (Pierce Decl. ¶ 11, Ex. I at 91:6-92:5.)  Newport argues that this testimony "defeats any claim that the City caused [ ] Wiseman any compensable emotional distress."  (Def.'s Mot. Br. 13.)  Pacific Shores argues that Wiseman's testimony does not foreclose his damages claim.  (Pls.' Opp'n Br. 25, n.8.)  However, the Court finds that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-457 JVS (RNBx)<br>**SACV 09-701 JVS (RNBx)**\*\*\* | Date | January 12, 2011 |
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach<br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*\*\* | | |

there is no evidence the City caused Wiseman to suffer compensable damages for anxiety.

Bridgeman testified that she was worried Pacific Shoes might close, but she had no anxiety or stress about the City's regulation of the facility. (Pierce Decl., Ex. J.) Newport Beach argues that there is no proof that the City caused her anxiety. (Def.'s Mot. Br. 14.) The Court agrees. Accordingly, neither Wiseman nor Bridgeman has provided evidence that would permit a reasonable juror to conclude that Newport Beach had caused an injury for which they seek compensatory damages. Accordingly, Newport Beach's motion for summary judgment as to causation of damages is granted as to these individual Plaintiffs. Newport Beach's motion for summary judgment as to causation of damages is also granted as to Pacific Shores.

IV. Case No. 09-701 ("NCR/Yellowstone")

Newport Beach moves for partial summary judgment against Plaintiffs NCR and Yellowstone on the grounds that neither Plaintiff can establish that any action taken by the City was the actual and proximate cause of the economic damages it is seeking. The Court incorporates its discussions of legal principles above to the extent the parties make the same claims and arguments in the present case.

NCR and Yellowstone are treatment facilities formerly located on the Balboa Peninsula and currently located in Newport Beach, respectively. NCR ceased operations on October 23, 2009. (SUF 16.) Yellowstone continues to operate its facilities. Newport Beach argues that NCR and Yellowstone can only speculate as to why they have sustained damages. (Defs.' Mot Br. 5.)[4] Like the Plaintiffs above, NCR and Yellowstone each seek damages as to (1) loss of income; (2) investment losses; and (3) increased expenses.

A. NCR

---

[4] All references to moving papers in this section are to those filed in Case No. 09-701.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-457 JVS (RNBx)<br>**SACV 09-701 JVS (RNBx)*** | Date | January 12, 2011 |
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach<br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*** | | |

      1.      Loss of Income & Investment Losses

      Newport Beach argues that NCR's evidence, testimony from former manager Mike Newman, does not establish causation for a loss of income due to the City's actions. Newman testified that he believed people did not want to send family members to NCR because of reports they read on the internet, and that potential residents avoided NCR's facility because of negative publicity and rumors that NCR was going out of business. (Def.'s Mot. Br. 6, citing to Pierce Decl., Ex. D, at 42:16-43:11; 49:20-50:14; 53:24-54:19.) He did not know of any news releases that the City produced about its actions. (Id. at 44:6-9.)

      NCR acknowledges that the national downturn in the economy had some effect on its losses, noting that business was off by 30 percent between mid-2008 and January 2009. (Pls.' Opp'n Br. 10, citing to Newman Dep. 186:13-23.)[5] Newman also attributes the decline in business to a "Concerned Citizens" group in Newport Beach (id.), as well as to competitors' increase in market share. (Id. at 136:20-137:14.) Moreover, NCR disclosed documents showing that it operated at a loss in 2006 (when the City took no action) and in 2008, providing additional evidence that a loss in income cannot to be attributed solely to actions by Newport Beach. (Suppl. Bobko Decl, Ex. D.) Therefore, the Court agrees with Newport Beach here: there simply is an insufficient quantum of evidence to raise a material fact as to causation of damages with respect to NCR.

      Newport Beach also argues there is no evidence the City "caused a potential buyer of NCR's business to abandon a business deal that would have generated $1,000,000 for NCR." (Defs.' Mot Br. 8.)[6] NCR argues that it may seek damages for a lost business

---

    [5] In its Reply Brief Newport Beach argues that this evidence is problematic for another reason as well: Plaintiffs point to no facts connecting any City actions with NCR's alleged harm in 2008 (Def.'s Reply Br. 9) and no clients or potential clients could have seen publicity about NCR being denied an operating permit in 2008 because the permit application was not denied until January 12, 2009. (Id.)

    [6] Newman testified that an attorney for the City told an attorney for the potential buyer that the City would close NCR. (Newman Dep. 40:21-41:5.) He could not remember what the buyer told him, or when the buyer's attorney talked to the City Attorney. (Id. at 37:2-21.) As Newport Beach explains in its Motion Brief, the City Attorney's alleged statement to NCR's prospective buyer was not a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-457 JVS (RNBx)<br>**SACV 09-701 JVS (RNBx)\*\*\*** | Date | January 12, 2011 |
|---|---|---|---|
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach<br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*\*\* | | |

opportunity[7] that flowed from the City's "unlawful conduct in adopting and enforcing Ordinance 2008-5." (Pls.' Opp'n Br. 23.) However, the Court has already held that Newport Beach did not engage in unlawful conduct in adopting or enforcing the ordinance. As Newport Beach argues in its Reply Brief, NCR cannot establish a "cause-and-effect relationship" between the City's actions and NCR's alleged loss of income or business. (Def.'s Reply Br. 13.)

NCR claims that investment losses of $700,000 are attributable to Newport Beach because those funds were used for facility enhancement; upgrades; and "initial start-up costs." (Pierce Decl., Ex. C, at 24-25.) Newport Beach argues that NCR cannot recover damages for the "alleged unfair treatment it believes it received in the form of public ridicule and derision during its applications for hearings on discretionary approval." (Def.'s Mot. Br. 11, citing to Pierce Decl., Ex. A, at 6.) Newport Beach cites to United States v. Village of Palatine, 37 F.3d 1230, 1233-34 (7th Cir. 1994), for the proposition that the City cannot be liable for a "spirited and raucous public debate" that occurs during public hearings. (Def.'s Mot. Br. 12.) "[T]he burden on the inhabitants [of a sober living facility] – which they need not attend – does not outweigh the [municipality's] interest in applying its facially neutral law to all applicants . . . Public input is an important aspect of municipal decision making; we cannot impose a blanket requirement that cities waive their public notice and hearing requirements in all cases involving the handicapped." Village of Palatine, supra. What the public says or how the public reacts to a business's

---

wrongful act. (Defs.' Reply Br. 13.) This statement had nothing to do with the 2007 Ordinances, because the ordinances were not enforced against NCR. (Newman Dep. 37:22-25.) The Court agrees with Newport Beach that "[t]here is no causal connection between the alleged statement by the City Attorney, the ordinances, and NCR's alleged damages." (Def.'s Reply Br. 13.) What is more, while California Government Code sections 818 and 822 immunize both public entities and their employees, whether or not misrepresentations are negligent or intentional, Newport Beach does not need to invoke government immunity because the City Attorney's alleged comment does not provide a causal link between the City and damages for loss of business opportunity.

[7] Plaintiffs are not pursuing what Defendants characterized as a state law claim for interference with prospective economic advantage. (Pls.' Opp'n Br. 23.) Instead they argue that they lost business opportunity "directly from the City's unlawful conduct in adopting and enforcing Ordinance 2008-5." (Id.) The Court has already upheld the validity of Ordinance 2008-5, and therefore Newport Beach cannot be liable for "wrongful" conduct in adopting and enforcing Ordinance 2008-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 08-457 JVS (RNBx)<br>**SACV 09-701 JVS (RNBx)**\*\*\* | Date | January 12, 2011 |
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach<br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*\*\* | | |

presence cannot be an action attributable to Newport Beach. Thus, the Court agrees with Newport Beach: NCR cannot show the City took any action that proximately caused its facility to close. (Def.'s Mot. Br. 11.)

      2.      Increased Expenses & Attorneys' Fees

The Court incorporates the relevant discussions above by reference. Accordingly, NCR is not entitled to recover damages for increased expenses or for attorneys' fees.

    B.    Yellowstone

      1.      Loss of Income

Yellowstone attributes a loss of income at its four houses since January 1, 2008 to the City, but Yellowstone's director, Dr. Anna Thames, could not quantify the loss of income. (Pierce Decl., Ex. G, 73:1-5.) Moreover, Dr. Thames could not testify that a single person told Dr. Thames he or she was leaving because of the City's enforcement. (Id. at 74:25-75:3.) Dr. Thames identified other reasons residents leave Yellowstone: "they're moving somewhere, they're going home, it's not working for them." (Id. at 76:10-15.) The Court finds an absence of evidence showing that Newport Beach is the cause of Yellowstone's income loss.

      2.      Investment Losses & Relocation Costs

Yellowstone claims as damages "lost investments" and "relocation costs" if Yellowstone has to close a house and move to a city other than Newport Beach. (Pls.' Opp'n Br. 24.) Newport Beach argues that Yellowstone seeks damages on the basis of speculating that the City will force Yellowstone to close a house, which is an unreasonable inference. (Defs.' Mot Br. 17.) The Court finds that any damages sought under this category are speculative because Newport Beach has not abated any of Yellowstone's facilities. (Pierce Decl., Ex. C, at 22.)

      3.      Expenses

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-457 JVS (RNBx)  <br>**SACV 09-701 JVS (RNBx)**\*\*\* | Date | January 12, 2011 |
|---|---|---|---|
| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach  <br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*\*\* | | |

As with NCR and Pacific Shores, the costs of complying with the ordinance are not recoverable as damages. There is no evidence Newport Beach did anything illegal to cause Dr. Thames or other staff members to spend time on a project they would not have otherwise performed. Therefore the Court incorporates the relevant analysis on this topic, above, by reference.

V.      Motions to Strike

Plaintiffs have filed motions to strike what they consider to be new arguments in Newport Beach's Reply Briefs. (08-457, Docket Nos. 185, 09-701, Docket No. 140.)[8] Plaintiffs represent that the City improperly argues, as a matter of law, compensatory damages are not available for disparate impact violations under either the FHA or ADA. (Mot. Br. 2.) Plaintiffs argue that Newport Beach has never before raised the issue of whether compensatory damages are prohibited, and that it is improper for a court to consider new arguments raised in a Reply Brief. (Id.) Plaintiffs seek permission to file a surreply brief addressing Newport Beach's new arguments. (Id. at 3.)

Newport Beach responds that it is not offering new arguments because its motion did not differentiate among various substantive legal theories advanced by Plaintiffs. (Def.'s' Opp'n 1.) Newport argues that Plaintiffs' Opposition Briefs have represented that Ordinance 2008-5 disproportionately affects residential care facilities. Newport explains that it was simply responding to points raised in Plaintiffs' Opposition Brief. (Id. at 1.) Moreover, even if Newport did raise a new argument, it maintains that this Court has discretion to consider an argument raised first in a Reply brief. (Id. at 2, citing to Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192, 1201-02 (9th Cir. 2001).

Plaintiffs respond by arguing that their Opposition Brief addressed only a failure of factual proof and not whether there was a legal bar to all or part of Plaintiffs' claims. (Pls.' Reply 2.) Plaintiffs also argue that to the extent they discussed relevant background facts that concerned Ordinance 2008-5, they did not raise any legal argument or cite any case law. (Id.) Thus, they were not introducing arguments triggering

---

[8] Because the Motions to Strike are identical, all references are to the briefs filed in 08-457, although the analysis applies to both 08-457 and 09-701.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-457 JVS (RNBx)<br>**SACV 09-701 JVS (RNBx)**\*\*\* | Date | January 12, 2011 |
|---|---|---|---|

| Title | Pacific Shores Properties LLC, et al. v. City of Newport Beach<br>**Newport Coast Recovery LLC, et al. v. City of Newport Beach**\*\*\* |
|---|---|

Newport Beach's right to respond.

    Because the Court finds that the fundamental issue of causation precludes further consideration of the compensatory damages issue, the Court need not determine whether such damages are available. However, it does appear to the Court that the issue of compensatory damages is a new issue raised for the first time in a Reply Brief, and the Court would be inclined to ask for additional briefing as to whether compensatory damages are recoverable. At the present time, however, such analysis is unnecessary. Accordingly Plaintiffs' motions to strike new arguments in the Reply briefs are moot.

VI.    Conclusion

    For the foregoing reasons, Newport Beach's motions are GRANTED. Plaintiffs' motions to strike are DENIED as moot.

    IT IS SO ORDERED.

    **The Court and counsel confer regarding scheduling. The Court sets the Court Trial, in both cases, for August 2, 2011 at 8:30 a.m. and the Pretrial Conference, in both cases, for July 18, 2011 at 11:00 a.m.**

|  | 0 | : | 08 |
|---|---|---|---|
|  |  |  | each case |
| Initials of Preparer | kjt |  |  |